**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

AMANDO CHAVEZ-PEREZ,

    Petitioner,

-vs-                                                           Case No.  8:04-cv-2568-T-30TBM

JAMES V. CROSBY, JR., et al.,

    Respondents

_____/

**ORDER**

This cause is before the Court on Petitioner's Motion for Stay of Judgement, or In the Alternative, Motion for Leave to Amend Petition for Writ of Habeas Corpus (Dkt. 12). Respondent has filed a response to the petition (Dkt. ), and Petitioner has filed a reply thereto (Dkt. ).

Petitioner requests that the Court stay these proceedings until he receives documents from the office of the Bureau of Immigration and Customs Enforcement "that will prove that another individual is using/used the Petitioner[']s identity in Hardee County[,] Florida[,] at the time of the alleged crime contested in the 2254 petition" (Dkt. 12 at 2). In support of the request, Petitioner has attached a copy of a letter he received from T. Diane Cejka, Director, United States Customs and Immigration Services, Lee's Summit, Missouri, in response to Petitioner's request for information regarding "the subject: Chavez Perez, Amando." *See* Dkt. 12, Attach. Ms. Cejka advised Petitioner that "the responsive records"

he is seeking "are not under the purview" of her office, so she forwarded his letter to the Bureau of Immigration and Customs Enforcement, Office of Investigations, Washington, D.C., for further action. *Id.*

In considering Petitioner's motion, the Court reviewed the state court record. As the trial court noted in its order denying Petitioner's Rule 3.850 motion (Dkt. 7, Ex. 008, Order Denying Defendant's Motion for Post Conviction Relief), two witnesses identified Petitioner as the driver of the vehicle in which the drugs were found. *Id.*, Attach., Tr. 168, 210-11). Merely demonstrating that another individual used the same name as Petitioner at the time the crime occurred will not overcome eye witness testimony.

The Court finds that Petitioner has not provided good cause for staying these proceedings. *See Rhines v. Weber*, __ U.S.__, 2005 WL 711587, at *6 (Mar. 30, 2005) (discussing requests to hold habeas proceedings in abeyance pending exhaustion in state court, the Supreme Court recognized that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings . . . [and] undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition," and found that the district court would abuse its discretion if it were to grant a stay when the claims are "plainly meritless.").

As to Petitioner's request to amend his petition, amendment is not necessary to add documentary evidence to the record. If Petitioner has documents he wishes to submit in support of his petition which are not already a part of the record, he should file a motion to expand the record pursuant to Rule 7, Rules Governing Section 2254 Cases (2005).

ACCORDINGLY, the Court **ORDERS** that the Motion for Stay of Judgement, or In the Alternative, Motion for Leave to Amend Petition for Writ of Habeas Corpus (Dkt. 12) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 30, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:jsh