# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AMANDO CHAVEZ-PEREZ,

      Petitioner,

v.                         Case No. 8:04-CV-2568-T-30TBM

WALTER A. MCNEIL[1],

      Respondent.

_____/

# <u>ORDER</u>

      Petitioner, a State of Florida inmate proceeding *pro se*, petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 and challenges the validity of his conviction for possession of cannabis in excess of 20 grams, trafficking in amphetamine (200 grams or more), and possession of cocaine (Dkt. #1).  Petitioner alleges a denial of his right to the effective assistance of trial counsel.

      Petitioner was convicted following a jury trial and sentenced to thirty years' imprisonment.[2]  The state appellate court affirmed Petitioner's conviction and sentence in a *per curiam* decision without a written opinion.  Petitioner's subsequent state Rule 3.850

---

[1]  Walter A. McNeil, Secretary of the Florida Department of Corrections, is substituted as the party respondent.  Fed. R. Civ. P. 25(d).

[2]  Petitioner was sentenced to thirty years imprisonment for his conviction for possession of cannabis and concurrent terms of five years on each of the other two charges (Dkt. #7, Ex. 2).

motion was denied, as was his motion for rehearing.  Petitioner's Section 2254 petition followed.

### Standard of Review

Because this action commenced after April 24, 1996, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding.  *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly deferential standard for federal court review of state court adjudications, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United

States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one."  *Bell v. Cone*, 535 U.S. 685, 694 (2002).  *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

Petitioner has the burden of overcoming a state court factual determination by clear and convincing evidence.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  This presumption of correctness applies only to findings of fact, not mixed determinations of law and fact.  *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001).  Petitioner's petition is subject to the provisions of the AEDPA because his conviction was entered after the AEDPA was enacted.  Consequently, a presumption of correctness attaches to the finding of fact in the trial court's rejection (Dkt. #11, Ex. 3) of Petitioner's post-conviction claims of ineffective assistance of counsel.

## Ineffective Assistance of Counsel

Petitioner claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland v. Washington*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge

the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland v. Washington*, 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Petitioner must demonstrate that counsel's error prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland v. Washington*, 466 U.S. at 690-91. Petitioner cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in

grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable. . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)).  *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

## **Background**[3]

On the evening of December 11, 1999, Officer Wayne Newman ("Newman") of the Wauchula Police Department was on patrol in a marked police cruiser, accompanied by animal control officer James Selph ("Selph"), when Newman pulled behind a black Ford Taurus.  Newman followed the vehicle and became suspicious that the driver was impaired after observing the vehicle "bumping the centerline and . . . go back over to the right line."  Newman pulled the vehicle over.  The driver pulled into a well lit gas station and Newman ran the vehicle's tag through police dispatch.  The tag belonged to a different vehicle.  Newman approached the driver who appeared "nervous and jittery."  The driver did not have a driver's license but identified himself as Eugenio Chavez.  Newman had the driver exit the vehicle.  Newman looked inside the vehicle and saw what appeared to be a narcotic

---

[3] This summary of the facts derives from Petitioner's brief on direct appeal (Dkt. #7, Ex. 2).

substance on the seat.  Newman had the driver place his hands on the hood of the vehicle and Newman frisked the driver.  During the patdown, two handfuls of money rolled-up in rubber bands were discovered, as well as a pocket knife.  Newman placed the driver in the back seat of his patrol car and requested assistance from Corporal Mark Willis ("Willis").  When Willis arrived, he and Newman decided to field test the suspected narcotic.  While the substance was being tested, the driver fled from the patrol car and Willis chased him.  The driver could not be located once he left the scene.  Rock cocaine, marijuana, methamphetamine, digital scales, a day planner, and a cell phone were found in the vehicle.  Petitioner was later arrested.

## Ground One

Petitioner alleges that his trial counsel rendered ineffective assistance by failing to ensure the jury was properly instructed on each element of the crimes charged.  The state court rejected this claim as follows:

> To prevail on a claim of ineffective assistance of trial counsel, Defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defense.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).
>
> . . .
>
> Defendant claims . . . that his counsel rendered ineffective assistance because he failed to ensure that adequate jury instructions were provided.  In this regard, Defendant asserts that the jury instructions were inadequate because, first, they failed to state that there had to be a showing that Defendant had "knowledge of the illicit nature of the substance," and, second, because they failed to articulate that "mere proximity to a thing is not sufficient to establish control over that thing when the thing is not in a place over which the person has control."  A review of the transcript of Defendant's trial, however, shows

that the jury instruction for Possession of Cannabis which was read at trial included all of the necessary elements of that crime.  The jury instructions, as read at Defendant's trial, are adequate in a situation, such as that in Defendant's trial, where Defendant did not request the inclusion of any further requirement.  Scott v. State, 808 So.2d 166 (Fla. 2002); Chicone v. State, 684 So.2d 736 (Fla. 1996).  Further, that Defendant's attorney had not requested any further jury instruction cannot be considered harmful error as Defendant's case focused entirely on the identity of the person driving the vehicle, not on whether such person was in possession of the substances in question.  Lastly, the presence of a substance in a vehicle which is in control of an individual, raises the inference that the substance is in possession of that individual unless such is disproved.  State v. Paleveda, 745 So.2d 1026 (Fla. 2d DCA 1999); Lee v. State, 835 So.2d 1177 (Fla. 4th DCA 2002).  This constructive possession of a substance based on exclusive possession of a vehicle is also sufficient to raise the presumption that the defendant had knowledge of the illicit nature of the substance.  Garcia v. State, 28 Fla. L. Weekly D 2084 (Fla. 2d DCA 2003).  Defendant's claim in this regard therefore merits denial in regard to both grounds raised by Defendant.

(Dkt. #7, Ex. 8).  To obtain relief on ground one, Petitioner must establish that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying his Rule 3.850 motion.

Petitioner contends that trial counsel "had a liability to ensure the *Chicone* instructions were read to the jury as part of the standard jury instructions."  Trial counsel did not object to the trial court's instructions on the charges of possession of cannabis and possession of cocaine during the charge conference or when the trial court judge read the instructions to the jury prior to their deliberations (Dkt. #7, Ex. 1, pp. 279-94; 326-48).  "The failure to give an instruction on an element of a crime is fundamental error if the element was disputed at trial." *Nash v. State*, 951 So.2d 1003, 1005 (Fla. 4th DCA 2007) (*citing Garcia v. State*, 901 So.2d 788, 793 (Fla. 2005); *Reed v. State*, 837 So.2d 366, 369 (Fla. 2002)).  "Conversely,

'[f]ailing to instruct on the element of a crime over which the record reflects there was no dispute is not a fundamental error and there must be an objection to preserve the issue for appeal.'" *Nash v. State*, 951 So.2d at 1005 (*citing State v. Delva*, 575 So.2d at 645).

Petitioner claims the State was required to prove "that [Petitioner] had knowledge of the illicit nature of the contraband found in the vehicle."  Knowledge that a substance is illegal was an element of the crime of sale or delivery of a controlled substance at the time Petitioner committed his offense.[4]  The failure to so instruct a jury, when the instruction is requested, is error.  *Chicone v. State*, 684 So.2d 736 (Fla. 1996).  Petitioner alleges that counsel should have requested a *Chicone* instruction as part of the standard jury instructions and that the failure to do so amounted to ineffective assistance.

The main issue at Petitioner's trial was the identity of the driver of the vehicle where the drugs were found.  The illicit nature of the cannabis and cocaine was not an issue at trial.

> *Chicone* requires that, where a defendant requests it, the jury must be instructed that the defendant have knowledge that the substance is illegal.  In this case the instruction was not requested, but defendant argues that it was fundamental error not to give it.

> Because guilty knowledge was not an issue in this case, in that the only position taken by the defendant was that he was not the person who sold the cocaine to the informant, any error in not giving a guilty knowledge instruction would not rise to the level of fundamental error.  *State v. Delva*, 575 So.2d 643 (Fla. 1991).

---

[4] Knowledge of the illicit nature of a controlled substance is no longer an element of the offense of possession of a controlled substance for an offense committed after May 13, 2002.  Fla. Stat. § 893.101 (2002); *Starling v. State*, 842 So.2d 992.  Petitioner committed his offense prior to the effective date of Section 893.101.  The application of Section 893.101 is not retroactive.  *Norman v. State*, 826 So.2d 440 (Fla. 1st DCA 2002).

*Davis v. State*, 839 So.2d 734 (Fla. 4th DCA 2003). *See also Starling v. State*, 842 So.2d 992, 993 (Fla. 1st DCA 2003) (because guilty knowledge was not an issue at trial, any error in failing to give a guilty knowledge instruction was not fundamental error); *Rhinehart v. State*, 840 So.2d 456 (Fla. 4th DCA 2003) (trial court did not fundamentally err by failing to give guilty knowledge instruction because the defendant neither presented evidence that he did not know the illicit nature of the cocaine he delivered nor requested a *Chicone* instruction).

Guilty knowledge was not an issue in Petitioner's case. Counsel need not have requested a *Chicone* instruction. Consequently, Petitioner fails to meet his burden of proving that the state court's determination is an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts.

## Grounds Two, Three, Five and Seven[5]

In ground two (claim 5 of Petitioner's Rule 3.850 motion), Petitioner alleges that his trial counsel rendered ineffective assistance by failing to support Petitioner's misidentification defense with evidence that someone, not Petitioner, was using Petitioner's identity. In ground three (claim 6 of Petitioner's Rule 3.850 motion), Petitioner alleges that his trial counsel rendered ineffective assistance by failing to present medical records establishing that Petitioner could not have committed the crimes for which he was charged. In ground five (claim 9 of Petitioner's Rule 3.850 motion), Petitioner alleges that his trial

---

[5] In its order denying Petitioner's Rule 3.850 motion, the trial court addressed the claims presented in grounds two, three, five and seven of the instant petition together.

counsel rendered ineffective assistance by failing to question Newman during deposition and at trial about the testimony given by Selph.  In ground seven (claim 11 of Petitioner's Rule 3.850 motion), Petitioner alleges that his trial counsel rendered ineffective assistance by failing to impeach Newman's testimony concerning Petitioner's arrest.  The state court rejected these claims as follows:

> Defendant claims (claim number 5) that Defendant's counsel rendered ineffective assistance because he failed to show that someone else was allegedly using Defendant's identification; (claim number 6) that Defendant's counsel rendered ineffective assistance because he failed to present medical records that would have established that Defendant had physical difficulties; (claim number 9) that Defendant's counsel rendered ineffective assistance because he failed to question officer Newman as to alleged discrepancies between his testimony and that of another witness; and (claim number 11) that Defendant's counsel rendered ineffective assistance because he failed to impeach the testimony of State's witness Wayne Newman regarding alleged discrepancies within Newman's account of Defendant's arrest as reported in the initial police report, a pre-trial deposition, and the trial itself.  These [sic] set of claims involve matters of trial strategy in regard to presenting evidence regarding the identity of the perpetrator.  A review of the transcript of Defendant's trial shows that Defendant's allegations in regard to the above claims are overwhelmingly refuted by evidence presented at trial.

> The testimonies of two witnesses show that on December 11, 1999, a vehicle was stopped by the Wauchula Police Department after the vehicle appeared to be driven erratically.  A search of the vehicle discovered illegal substances and related material.  The testimonies of Wayne Newman and James Selph produced identifications of Defendant as being the individual driving the vehicle in which the substances in question were found.  Both witnesses testified that the location where they first saw Defendant was well lighted and that they had a clear view of Defendant.  Evidence was also presented that a planner found within that same vehicle contained, in two separate places, the name of Defendant, and that the planner also contained Defendant's date of birth.  Further testimony shows that this planner was found in the passenger's seat of the vehicle in which the drugs were found, at the time when it was stopped.  Further, a search of Defendant discovered a large quantity of money within Defendant's pockets.

The Court finds that the evidence which Defendant states should have been submitted, would, assuming that such would have been available, not have had an effect on the outcome of the trial.  The assertion (claim number 5) made by Defendant that someone else had been using his identification, if proven, would not have refuted the identification by the State's witnesses that it was Defendant who was in control of the vehicle in which the drugs were found. The assertion (claim number 6) made by Defendant that medical records could show that he had physical difficulties, if proven, would likewise have not refuted the witnesses' identification of Defendant.  Although (claim number 9) the questioning of a witness as to minor alleged discrepancies between his testimony and that of another witness may have been relevant, in light of the overwhelming evidence presented by the State, the court finds that the addition of this questioning by Defendant's counsel would not have altered the outcome of the trial.  This is particularly the case as the testimony provided by witness Newman was corroborated by that of Selph.

Further, Defendant's claims that his attorney failed to impeach the testimony of State's witness Wayne Newman's account of Defendant's arrest as reported in the initial police report, a pre-trial deposition, and the trial itself, merit denial on the same basis.  Defendant's claims in this regard involve the accounts given by witness Newman in regard to the name of the town which was named on the tag registration for the vehicle in which the drugs were found, and the description given by Newman as to Defendant's height.  The Court finds that the [d]efense attorney did, in fact, question both witness Newman and witness Selph as to discrepancies in their description of Defendant's height.  Further, the Court finds that the name of the town given by Defendant as his place of residence, and that which was listed on the tag registration of the vehicle, were not a part of the State's case as presented to the jury in Defendant's trial.  Further, the Court finds that had the defense presented evidence of the minor discrepancies in the accounts given by witness Newman, such would not have altered the outcome of the trial.  Defendant's claim numbers 5, 6, 9, and 11 merit denial.

(Dkt. #7, Ex. 8) (court's citations to the record omitted).

## **Ground Two**

In ground two (claim 5 of Petitioner's Rule 3.850 motion), Petitioner claims trial

counsel failed to timely investigate three arrest warrants for a person named "Armando

Chavez" and failed to call witnesses that would have supported Petitioner's claim that someone else was using his name. Petitioner claims that trial counsel was aware of the warrants prior to trial but failed to investigate the matter until after Petitioner was convicted. Petitioner alleges counsel's failure to present this evidence to the jury and call two witnesses at trial prejudiced Petitioner's theory of defense.

Petitioner claims an unnamed person had stolen his birth certificate and Immigration and Naturalization Service identification card and was using his name (Dkt. #1, p. 16). Petitioner attached to his Rule 3.850 motion copies of three warrants (dated 1992 and 1993) from Highlands County for an "Armando Chavez" and "Lupe Ramirez Castillo AKA Armando Chavez" (Dkt. #7, Ex. 7, pp. 78-80). Also included is a letter from trial counsel to the State Attorney acknowledging the three warrants in Petitioner's name and advising of Petitioner's claim that someone else was using his name (Dkt. #7, Ex. 7, p. 84). Counsel advised the State Attorney that the book-in photos and fingerprint cards from the Highlands County Jail for the individual named in the warrants were not those of Petitioner. A comparison of those photos and fingerprints with Petitioner's photo and fingerprints confirmed that they were not from the same person (Dkt. #7, Ex. 7, p. 89). These results were verified by Jeff Fennell ("Fennell") and Detective Tom Ouverson ("Ouverson") of the Highlands County Sheriff's Office (Dkt. #7, Ex. 7, p. 89). Petitioner claims trial counsel should have called Fennel and Ouverson as witnesses at trial to testify to the results of the fingerprint analysis, as the testimony would have demonstrated someone else was using his name.

Even taking Petitioner's allegations as true, he is not entitled to relief.  At trial, officers Newman and Selph testified that Petitioner was the driver and sole occupant of the vehicle in which the drugs were found.  Both witnesses testified that the location where they stopped Petitioner was well lit and that they had a clear view of Petitioner (Dkt. # 7, Ex. 1, pp. 142, 146; Vol. II, pp. 204-5, 207).  Whether someone else was using Petitioner's name fails to refute the officers' identification of Petitioner as the driver of the vehicle.  Petitioner does not contend in his federal habeas petitioner that he was not the driver.

Under Florida law, "the failure to call witnesses can constitute ineffective assistance of counsel if the witness may have been able to cast doubt on the defendant's guilt, and the defendant states in his [post-conviction] motion the witnesses' names and the substance of their testimony, and explains how the omission prejudiced the outcome of the trial." *Marrow v. State*, 715 So.2d 1075 (Fla. 1st DCA 1998).  "Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978) (citations omitted).[6]  Tactical decisions within the range of reasonable professional competence are not subject to collateral attack unless a decision was so "patently unreasonable that no competent attorney would have chosen it."  *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983).  The reasonableness of counsel's challenged conduct on the facts of the case, when viewed as of

---

[6] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

the time of counsel's conduct, decides an ineffectiveness claim.  *Strickland v. Washington*, 466 U.S. at 690.

Petitioner speculatively asserts that Fennell and Ouverson would have testified that the fingerprint analysis demonstrated that someone else was using Petitioner's name.  Even if counsel had called Fennell and Ouverton as witnesses, their testimony would not have refuted Newman and Selph's testimony that Petitioner was the "Armando Chavez" that was driving the vehicle they stopped and in which drugs were found.  Petitioner fails to demonstrate that counsel's performance was outside the bounds of reasonable professional judgment.  *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (internal citation omitted) ("[w]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision"); *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (*en banc*) (counsel cannot be deemed incompetent for performing in a particular way in a case as long as the approach taken "might be considered sound trial strategy") (*quoting Darden v. Wainwright*, 477 U.S. 168 (1986), *cert. denied*, 531 U.S. 1204 (2001)).  Petitioner fails to support his contention that the testimony of Fennell and Ouverson would have resulted in a "not guilty" verdict.  Consequently, Petitioner fails to establish that the trial court's denying this claim was either contrary to or an unreasonable application of *Strickland* or resulted in a decision that is based on an unreasonable determination of the facts.

## Ground Three

In ground three (claim 6 of Petitioner's Rule 3.850 motion), Petitioner alleges that his trial counsel rendered ineffective assistance by failing to present medical records establishing

that Petitioner could not have committed the crimes for which he was charged.  Specifically, Petitioner contends that he "had a vitally fractured leg[7] the year prior and that it would be very difficult for someone with this type of injury to outrun these officers" (Dkt. #1, p. 20). Petitioner claims that trial counsel failed to investigate this information and failed to obtain the medical records.  Petitioner argues this evidence would have created reasonable doubt and the jury would have concluded that Petitioner was not the driver of the vehicle.

Petitioner does not claim that he was unable to run or, for that matter, suffered any disability from the fracture at the time of the offense.  Counsel does not have an absolute duty to investigate particular facts or a certain line of defense.  *Chandler v. United States*, 218 F.3d 1305 at 1317.  Trial counsel's failure to obtain any medical records was counsel's strategic decision and was not beyond the range of professionally competent assistance.  *See Strickland v. Washington*, 466 U.S. at 690; *White v. Singletary*, 972 F.2d at 1220-21. Petitioner fails to demonstrate that had counsel obtained the records, there is a reasonable probability that the jury would have acquitted Petitioner.  The state court's denial of this claim was neither contrary to, nor an unreasonable application of, the *Strickland* standard.

## Ground Five

In ground five (claim 9 of Petitioner's Rule 3.850 motion), Petitioner alleges that his trial counsel rendered ineffective assistance by failing to question Newman during deposition and at trial about the testimony of Selph.  Petitioner contends that Newman and Selph

---

[7] Petitioner attached medical records to his Rule 3.850 motion showing that he was treated for a fracture in his left foot in April 1998 (Dkt. #7, Ex. 7, pp. 100-12).

"changed their testimony from the original report at depositions regarding the identification [of the suspect]" (Dkt. #1, pp. 24-25).  Petitioner alleges Selph stated in his deposition that the suspect was wearing a brim hat with a bandana.  Newman's deposition and trial testimony do not reveal that the suspect was wearing a brim hat.  Petitioner argues that counsel failed to question Newman before the jury about Selph's description which, Petitioner alleges, would have cast doubt on Newman's credibility.

Petitioner fails to present any legal support for this claim.  Irrespective of whether Newman had testified that the suspect was wearing a brim hat, Petitioner fails to demonstrate that the jury would have acquitted him based on this single statement.  The suspect's attire was not a disputed issue at trial.  Both Newman and Selph testified that Petitioner was the driver of the vehicle.

A defendant's disagreement with counsel's tactics and/or strategies will not support a claim of ineffective assistance of counsel; a petitioner in habeas corpus must overcome a presumption that the challenged conduct of one's counsel was a matter of strategy.  *See Strickland v. Washington*, 466 U.S. at 689; *United States v. Perry*, 908 F.2d 56,59 (6th Cir. 1990).  Petitioner does not assert that counsel failed to evaluate the alleged discrepancy between Newman's and Selph's descriptions,  nor does he offer any evidence to demonstrate that counsel's decision to forego questioning Newman about the discrepancy was the result of anything other than strategic choice.  Petitioner fails to demonstrate that the jury would have acquitted him had counsel pursued the strategy Petitioner now proposes.  Accordingly,

the state court's denial of this claim was neither contrary to, nor an unreasonable application of, the *Strickland* standard.

## **Ground Seven**

In ground seven (claim 11 of Petitioner's Rule 3.850 motion), Petitioner alleges that his trial counsel rendered ineffective assistance by failing to impeach Newman's testimony concerning Petitioner's arrest.   Specifically, Petitioner claims Newman stated in his deposition and his police report that the driver stated he lived in Wahneta.  Petitioner alleges Newman later testified that police dispatch reported the vehicle was registered to a resident of Eloise.  Petitioner also claims that Newman stated he (Newman) drove the vehicle to the police station.  However, Selph testified at trial that he, not Newman, drove the vehicle to the station.  Petitioner claims that "surely these numerous differences between Office Newman's police report and his deposition did not go unnoticed by defense counsel," yet defense counsel failed to impeach Officer Newman concerning "these numerous differences and bring these differences to the attention of the jury and the court" (Dkt. #7, Ex. 1, pp. 32-33). Finally, Petitioner claims counsel failed to present exculpatory evidence, i.e., the tag from the vehicle, to the jury.  Petitioner alleges this would have shown that the tag was current and registered in the State of Florida.  "This would have shown the jury that the defendant could not have been the person driving that car, nor the one who could have registered it because it was shown that the defendant had no form of identification to even register the car in the State of Florida" ((Dkt. #7, Ex. 1, p. 33).

Petitioner's claims lack merit.  The tag was not registered to the vehicle it was on at the time of the stop.  The place the vehicle was registered, who drove the vehicle to the police station, and whether Petitioner had the ability to register the vehicle in Florida had no bearing upon the issue of whether Petitioner was the driver at the time of the offense.  As the state court noted, the name of the town given by Defendant as his place of residence compared to the name that was listed on the tag registration of the vehicle, were not a part of the State's case at trial.  Further, even if counsel had presented evidence of these minor discrepancies in the accounts given by Newman, Petitioner fails to show that such a tactic would have altered the outcome of the trial.

## Ground Four

Petitioner alleges that his trial counsel rendered ineffective assistance by failing to investigate Petitioner's claim that a cell phone found inside the vehicle did not belong to Petitioner.   The state court rejected this claim as follows:

> Defendant claims (claim number 7) that Defendant's counsel rendered ineffective assistance because he failed to investigate the presence of the cell phone in Defendant's vehicle, after Defendant stated that it was not his. Defendant asserts that had counsel investigated the matter further, he "would have obtained evidence that the phone was not Chavez's" and that this was relevant because "the prosecutor argued vigorously to the jury that all these items belong to Chavez."   A review of the transcript refutes Defendant's assertions, as it clearly shows that the State acknowledged to the jury that "[t]he car phone does not belong . . . .  We cannot ascertain who the identity of the cell phone is."   The evidence Defendant asserts his counsel failed to present would not have provided any further value beyond what was already readily admitted by the State.  Accordingly, Defense counsel's decision not to present such evidence is not deficient performance, nor does the omission of such evidence prejudice Defendant.  Defendant's claim in this regard merits denial.

(Dkt. #7, Ex. 8) (court's citations to the record omitted).  The record supports the state court's denial of this claim.

Petitioner presents no evidence of entitlement to relief.  *See Hill v. Lockhart*, 474 U.S. 52 (1985) (conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).  The record shows that the State acknowledged in its closing argument that "[w]e cannot ascertain who the identity of the car phone is" (Dkt. #7, Ex. 1. P. 3113).  Petitioner offers no facts or legal authority to support his allegations.  Petitioner fails to meet his burden of proving that the state court's determination is an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts.

## Ground Six

Petitioner alleges that his trial counsel rendered ineffective assistance by failing to make a contemporaneous objection to the trial court's failure to certify the trial interpreter. The state court rejected this claim as follows:

> Defendant claims (claim number 10) that Defendant's counsel rendered ineffective assistance because his counsel failed to object to the trial court's failure to certify the Court's interpreter.  Defendant cites § 90.606(3), Florida Statutes, for the assertion that an interpreter should have been sworn in on the record.  § 90.606, Florida Statutes, is in reference to the provision of interpreters for individuals who are serving as witnesses.  As Defendant did not testify in his own trial, this statute does not apply to him.  Further, the Court did, in fact, swear in an interpreter at the time it informed Defendant of his right to testify or not.  Defendant's claim in this regard is without merit, and therefore shall be denied.

(Dkt. #7, Ex. 8) (court's citations to the record omitted).

Petitioner fails to demonstrate prejudice.  Even if counsel was deficient for failing to object to the trial court's alleged failure to swear-in the interpreter, Petitioner has not shown that the jury would have acquitted him absent this error.  *Strickland v. Washington*, 466 U.S. at 694.  Consequently, Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts.

It is therefore ORDERED AND ADJUDGED that:

1.      Petitioner's petition for the writ of habeas corpus (Dkt. #1) is DENIED.

2.      The Clerk is to enter judgment for Respondent and close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 15, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2004\04-cv-2568.deny 2254.wpd